CHRISTINA CHAPMAN, *et al.*, v. NAOMI CASEBOLT, *et al.*

FINDINGS OF FACT—*Not Sustained by Evidence; New Trial.* Where it clearly appears that to sustain the findings of fact the court must have given full credit to the testimony of one witness, and that testimony is not such as authorizes the essential fact found by the court, the findings must be set aside and a new trial granted.

### *Error from Lyon District Court.*

ACTION brought by *Naomi Casebolt* to cancel a deed. The facts and the evidence are set forth in the opinion. The district court made separate findings of fact and of law. The deed in question was on its face a conveyance in fee simple made by *Naomi Casebolt* to Henry Gunkle. The action was com- menced against *Christina Chapman* (formerly the wife, then widow, of said Gunkle,) and her present husband *Samuel S. Chapman,* and the children of said Gunkle. Upon the findings of the court judgment was given reforming the deed so as to make it a conveyance to said Henry Gunkle and his four children (naming them,) as tenants in common during the life of said Henry, then to said children in fee simple. Defendant *Chapman* and her husband bring the case here, and join the plaintiff below and the children of Gunkle as defendants in error. The only question raised was, whether the judgment or decree was sustained by the evidence.

*Foot, Peyton & Sanders*, for plaintiffs in error.

*Ruggles & Plumb,* for defendants in error

The opinion of the court was delivered by

KINGMAN, C. J.: This case was tried by the court. Special findings of fact and conclusions of law were found by the court, to which all parties excepted, and the case is brought to this court. A brief statement of the case is as follows: On the 5th of April, 1858, Naomi Casebolt, being the owner of the N.W.¼ of Sec. 29, in Township 19, of Range 12, in what is now Lyon county, conveyed the same by deed of general

warranty to Henry Gunkle in fee simple. This deed purports upon its face to have been for the consideration of $500; in fact it was a voluntary conveyance without any consideration. Henry Gunkle having died, and his widow having intermarried with Samuel S. Chapman, Naomi Casebolt in 1869 filed her petition against the plaintiffs in error, and the children of Henry Gunkle, setting up that Henry Gunkle by fraud had induced her to execute the deed as a deed in fee simple to himself, representing that the deed was a conveyance to himself in trust for his children, and she being quite ill and relying on said representations signed the deed believing it to be as represented, and praying that the deed might be declared void. Plaintiffs in error answered denying that the deed was obtained by fraud or misrepresentations. The children of Henry Gunkle answered through their guardian *ad litem*, and by amendments made their answer conform to the findings of the court. The judgment in substance was that the deed from Naomi Casebolt to Henry Gunkle be reformed as of the date when it was made, so as to be a conveyance by Naomi Casebolt of the land therein described to Henry Gunkle and to John Gunkle, Martha Ann Gunkle, Fred'k Gunkle and William Gunkle, children of said Henry Gunkle, as tenants in common during the natural life of said Henry Gunkle, and at his death to his said children in fee simple. The facts as found by the court fairly sustain the judgment.

The first point made in this court is, that the findings of fact are not sustained by the evidence. Reluctant as this court has ever been to interfere with the decisions of a court or jury on questions of fact, we cannot escape the conclusion in this case that the court erred as to the facts found. The only witness who testified as to what was the understanding that the deed was to contain, is Mrs. Casebolt herself. She testifies that she was quite ill; that she was carried to town by Mr. Gunkle; that the deed was drawn and presented to her, that she never read it or heard it read, but having confidence in Mr. Gunkle, who had married her niece, and believing the deed to be drawn according to the previous understanding between herself and

Mr. Gunkle, she signed and acknowledged it without a knowledge of its contents. The understanding between herself and Gunkle was, that the deed should contain stipulations for the maintenance of witness during her lifetime, and subject to that charge to Henry Gunkle and his children. Further explaining, she said she was to have it while she lived, then the children to have it, and Gunkle was to raise the children on it. This testimony is nowhere contradicted in the record. Without it, there is nothing that would authorize any relief whatever. There is much other evidence introduced tending to show that Gunkle had repeatedly made admissions that would be inconsistent with the belief that the deed was to himself in fee simple; but they are all in harmony with, although they do not go so far as the testimony of this witness. The reasons given by Mrs. Casebolt are natural and sensible, and her testimony is the only evidence that ·shows the understanding on which the deed was made, and must have been believed, for without proof that there was some understanding on her part as to what the conveyance was to be, which was not realized by the deed, there could be no relief whatever. This testimony will not support the finding on which the judgment is based.

This conclusion results in setting aside the judgment rendered. And as all the defendants in error excepted to the conclusions of the court below, and made many exceptions to the rulings of the court in receiving and rejecting evidence, which rulings are not now before us for decision, a final judgment cannot be ordered by this court, but the case must be sent back for a new trial. When the exact facts are ascertained will be a suitable time to determine what relief is authorized by law. At present we can only say that we have seen no case, nor are we aware of any principle, that will sanction a decree so reforming a deed of gift as to make it a deed to other parties, without the consent and against the efforts of the maker of the deed, as was done in this case. As the facts may justify some relief we send the case back for further proceedings.

All the Justices concurring.